416-0228 People v. Tracy Terrell-Newson For the appellant is Andrew Smith. You are he, sir? Yes. For the appellee is Timothy Londrigan. Mr. Smith, brother, excuse me. You may proceed. Good morning, counsel. May it please the court, my name is Andrew Smith and I represent Tracy Newson. This is a classic example of second-degree murder based on provocation. Tracy showed up to his friend's house with no intent to kill his friend. Once he got there, he called for his wife to take her home. Carlson exited the apartment and immediately charged Tracy, pushing him and causing Tracy's gun to fire into Tracy's arm. That is undisputed, the bullet was fired into his arm. The two then struggled over the gun. Tracy pulled the trigger and the bullet instantly killed and paralyzed Carlson. Tracy left for the hospital and told his story to the police. Based on this, some courts have found that these facts constitute provocation as a matter of law. We are not asking for that. We are only asking for a jury instruction because there is at least some evidence of provocation here. People v. Leonard is a Supreme Court case very similar to this. In that case, there was a struggle over a gun. The defendant showed up to his past employer armed with a gun to clean out his office. When he showed up, he was confronted by a security guard. Eyewitnesses saw the two of them struggle over a gun. The defendant shoot the deceased and push him over the balcony while screaming at him. The court held that because it is possible, not just true, but possible that he could have shown up without the intent to kill the security guard, that he was entitled to a provocation instruction. People v. Phillips is another case that aligns closely with this. In that case, like Tracy's, the defendant showed up with the intent only to frighten the deceased. He was armed with a knife. Once he showed up, his boss, it was in an office setting, showed up with a knife to scare off his boss. There was a struggle over the knife. The knife was taken from the defendant. At some point, the defendant got the knife back and stabbed the deceased. That, the court there held, that was sufficient evidence for provocation.  This case discusses how simply because you raise a self-defense second-degree murder jury instruction, that does not preclude you from raising also a provocation instruction. In that case, the defendant and deceased were in an abandoned warehouse. At some point, the deceased took out a knife and started encouraging the defendant to fight. The defendant said no. The defendant then picked up a wooden beam. The deceased, still with the knife in his hand, encouraging the fight, the defendant swung the beam, hitting the deceased in the head and killing him. In that case, the defendant said that he swung the beam because he was afraid and because he was scared. Nevertheless, the court still held that based on the circumstantial evidence, he could also have swung it out of provocation. And the court explicitly held there that just because he said he was afraid, does not preclude a provocation instruction. Which category of provocation do you contend applies here? We argue that it could either be substantial injury or it could be mutual combat. The substantial injury being shooting himself? Correct. So I shoot myself, that gives me provocation. No, you can't just shoot yourself, get provocation. If someone charges you, causing you to shoot yourself, you aren't out of provocation. There's no exception there about if someone causes you to shoot yourself, that forecloses provocation. The standard is whether you are intensely passionate, caused by the provocation of the decedent. That's the standard. In that circumstance that we just discussed, Huffer, you just discussed with regard to shooting himself, what about a mistake in fact? The mistake being that he shot himself. He's clearly escalated the level of violence if in fact this is a mere charging or words or something of that nature. Isn't it escalation to use a firearm? Who's escalating the fight? The defendant. By shooting himself? In reaction to having shot himself to continue shooting when he's not been confronted with a gun, he's not been in any other way been shown to be in fear for his life, maybe in fear for his safety, in fear for his life. Well, that sounds more like a self-defense category. Here we're dealing with provocation. We're dealing with provocation because there was an escalation.  If we say, okay, fine, the gunshot wound to the arm doesn't count, the decedent then does not walk away. He continues charging again. And then you've got the decedent's wife saying they are struggling over the gun with both hands on the gun. So I don't know how he's escalating the fight by shooting himself. That's accidental. He's not doing that on purpose. And these considerations are just not a part of provocation also. What matters is whether he was intensely passionate, caused by an original person, would have been provoked by such conduct. Those are what the statutes focus on. And that's what we definitely have here. Do your honors have any other questions? I will just conclude with the distinction between murder and second-degree murder is predicated on the legal recognition of human failings under stress. Because the penalty for first-degree murder is so high, courts have recognized this distinction. Here there is not just some evidence of provocation. There is ample evidence that the defendant formed the intent only after he was provoked by the deceased. Based on this, we ask that this court reverse defendant's first-degree murder conviction and remand his case to the trial court for a new trial with provocation and jury trial. The standard of review is abuse of discretion, isn't that? Correct. That's a pretty high standard, counsel. In that opinion, it said the standard is abuse of discretion. It also said that it's an abuse of discretion if you deny a jury instruction when there is some evidence. But we don't have to decide here whether there is just some evidence. There is ample evidence of provocation here. And there is reams of case law finding that this is an example of provocation. It sounds like you're arguing the no vote. I'm saying if you give the standard is if there is some evidence and you deny a jury instruction, this was quoted in McDonald, that is an abuse of discretion to not give that jury instruction. So that was quoted in McDonald as well. Whether it has to be just above none evidence or what some equals, we don't have to nitpick that because here there is plenty of evidence here of provocation and plenty of cases finding it. In McDonald, the defendant said before he showed up that he wanted to kill the deceased. We don't have any of that here. In fact, you have the officers agreeing with the defendant. I agree with you. You did not want to show up to kill the deceased. The state barely argued it. The state's brief did not argue it at all. I noticed you said that in your brief. I thought to myself, wait a minute, that's just a standard police interrogation technique. It's not like they're confirming that, oh, you're absolutely correct, Mr. Defendant. It's just a technique that the police use that, you know, we're agreeing with you. We're trying to side with you so that we can get more information out of you. You're not really using that as some justification. Fair enough. But you put that aside. The prosecutor, they didn't even argue at trial that Tracy showed up with the intent to kill. And the state's brief doesn't argue it now. I mean, no one's really saying that Tracy showed up with an intent to kill. And that's why this is arguably a matter-of-law provocation case. But we don't even have to go that far. We're only asking for a jury instruction so that the jury can hear the facts of this case, that they can hear the defendant's best argument for second-degree murder, and that's provocation. He showed up with no intent to kill. He was charged, hit, which caused him to shoot himself. The deceased continued to charge, and the defendant shot him with one bullet that killed him instantly. Well, between provocation and self-defense, provocation has a lot more complexities to it than self-defense, doesn't it? It depends. The jury didn't even buy self-defense. Sorry? The jury didn't even buy self-defense. So what makes you think that they're going to make that cosmic leap to provocation? Well, I don't think we have to decide whether or not the jury will definitively decide whether they're going to buy provocation defense. We're only saying that there's some evidence of provocation here. And based on these facts, they have been found to be provocation by as a matter-of-law, but we're not asking for that. Looking at the facts, this appears to be a better provocation case than a self-defense case. And the defendant should have been able to bring this defense to the jury and allow them to hear his case. There's nothing more? I don't think so. Thank you, counsel. Thank you. Mr. Londrigan? Good afternoon, Your Honors. May it please the Court? Counsel? The State is relying primarily in support of its position on People v. Camacho, a 2016 case out of the 1st District and People v. McDonald, an Illinois Supreme Court case also issued in 2016. The Court is correct that the appropriate standard of review is abuse of discretion. And the trial judge has ruled that as a matter of his discretion, he did not feel as though jury instruction on the issue of provocation was appropriate. In People v. Camacho, the appellate court was dealing with a very extensive combat situation. In that instance, the defendant was arguing that the evidence suggested that his victim and he engaged in mutual combat. The evidence suggested that the defendant was driving his vehicle with the victim riding as a passenger. For some reason or another, the car got into a mishap or hit a rail. The two of them began to argue. They began to choke each other. They got out of the vehicle and started choking each other, you know, hitting each other. Then the defendant grabbed a pen from his pocket, stabbed the victim numerous times, dragged him over to a watery area where he basically drowned the victim, the victim having something like half a Coke can of mud discovered in his lungs. So that seems like it's a fairly aggressive battle. But the Court in Camacho found that a provocation instruction was inappropriate. Even though there were two different versions of events there. The first version of events was offered by witnesses that the defendant had spoke to after the event. They suggested, these two witnesses testified, that Camacho or that the defendant instigated the fight. And the Court ruled that one who initiates combat cannot rely on the victim's response as evidence of mutual combat is not sufficient to mitigate the killing of that victim. So that version, they said, did not support a provocation jury instruction because the witnesses suggested that the defendant himself initiated the combat. And I think that applies in this case. Here this gentleman engaged in combat. In the case of Barr, the defendant engaged in combat with the victim 20 minutes earlier. I believe that the victim forcibly evicted him from his residence and the defendant goes home, gets a gun, comes back, knocks on the victim's door with a gun in his bare hand. And what transpires after that I think was as a result of the conduct of the defendant instigating the fight. The Court also went on to say in Camacho that the second version was that offered by the defendant. The defendant in Camacho said that all of his actions were in self-defense and the Court ruled that the defendant established that his actions were defensive as he feared for his life and did not suggest a willingness to enter into the fight with the victim. Because the defendant only asserted he acted in self-defense, he is not entitled to a provocation instruction. So under Camacho, there's two separate reasons why this defendant and the defendant in the case of Barr did the same thing. He argued that when he was at the door he had no intent of getting into a tussle with the victim. He was there only to retrieve his wife. When the victim rushed him, he said that he then began to fear for his life and when he shot himself, he thought that the victim was serious and wanted to hurt him. So that's when he, quote, lost it and began shooting at the victim, eventually killing him. I think it's important to note in Camacho as well that the Court went on to say even assuming arguendo in Camacho that there was a struggle that did transform into mutual combat on equal terms, the defendant's infliction of more than 20 wounds to the face of the then unarmed victim with a pen reflects retaliation that was disproportionate to the mutual quarrel consisting only of hand-to-hand combat prior to that time. So the Court in Camacho finds a third exception, which is if the response of the defendant is disproportionate, then the provocation instruction is inappropriate. Here we have an unarmed victim who's in his own residence who has only recently evicted this defendant. Now the defendant appears at his home again armed with a weapon and so even if he did shoot himself as a result of the confrontation with the victim, it surely did not require him emptying his gun or shooting repeatedly at the victim, eventually killing an unarmed man. The Court also addressed the two cases in Camacho that the defendant raises here, both Leonard and Phillips, and it distinguished both of those cases, finding that neither one applied. And the Court in McDonald did likewise. It too addressed Leonard and Phillips, finding exceptions for both of those. The Court in McDonald defined mutual combat as a fight or struggle that both parties enter willingly or where two persons upon a sudden quarrel and in hot blood mutually fight upon equal terms and where death results from the combat. In this instance, we do not have people entering, and the evidence clearly suggests that the defendant did not enter into this willingly. He did so in an attempt to defend himself. Furthermore, they were not on equal terms. The defendant is armed with a pistol and the victim clearly was not. And those are the types of things. In discussing Austin, the Supreme Court suggested that there was no evidence of mutual combat in Austin. Even though there was a physical struggle between the bus driver and the defendant in that instance, the Court found that because the bus driver was merely defending or acting in response to a fight initiated by the defendant, and because the defendant had a weapon on her, a gun, and shot the bus driver, that those were, again, two exceptions to the application of the provocation rule, the same two exceptions mentioned in Camacho. I'd also note kind of an interesting point, at least from my standpoint. I understand that the defendant is arguing that the rule is, if there is some evidence of provocation, that a jury instruction should be given. However, in McDonough, the Supreme Court, in reaffirming that rule, nevertheless states that they agree with the appellate court and the trial court that there was insufficient evidence of serious provocation to warrant the requested instruction. So if there's insufficient evidence, it suggests to me that any evidence is not synonymous with some evidence. There has to be some evidence that is justifiable or sufficient to warrant the giving of the instruction. It's a little confusing in my mind, but I can only interpret it as the Supreme Court suggesting, even though there may be some evidence, we're not saying any evidence would support the giving of an instruction, because the Court is saying it was insufficient. A little confusing, but I think, nevertheless, that's a ruling in McDonough. Those are the two most recent cases that I've found concerning this issue. I think both of them raise several exceptions to the provocation defense. All three of those exceptions are present in this case, and I think the trial judge was appropriate in refusing to grant the instruction. If there are no further or any questions from the court, thank you, Your Honor. Thank you, Mr. Galantri. Mr. Smith, any rebuttals, sir? Sir. Okay. The State only talks about mutual combat. There's no discussion about substantial injury. It's ignoring one of the main tenets of a provocation defense. There's no, how is being, someone causing you to shoot yourself is a serious injury, a gunshot to the arm, that person continues to charge. That's substantial injury. That injury was not, there was no injury in Camacho. So if instead of shooting himself in the arm, because the guy was charging at him, he tripped and fell over backwards, that would be a justification to go hit his head. That would be a harder case. I would agree. That would be a harder case. Here, it's not his act, it's not necessarily, he's not running towards him and tripping. The guy is physical contact. The deceased has physically pushed him while he is armed, causing the gun to go off. In that case, you've got no physical contact. So that would be harder. But here, there is plenty of evidence that this gunshot wound was caused by the deceased's actions, in part. And that's all that's required. We don't have to find him by, as a matter of law. You're back to the argument, any evidence as opposed to some. Well, we don't have to decide whether it's any, some. There's plenty of evidence here. No, I think Mr. Londrigan raised a good point. The language in McDonald, they clearly found that there must have been some, but it was insufficient. So what's that level? So that case is unclear. And what is the level? Is it some? I mean, these are very fine kind of academic distinctions. What is any? What's some? What's none? But the point, my point is, is that there is here ample evidence of provocation. All right? And in McDonald, where they found it was insufficient, this is what they had. They had the defendant saying, I want to kill the decedent before the attack. That's one distinction that we don't have in my case. The second thing, there was no actual struggle over a knife. That's a second distinction of less evidence. I would say he wanted to kill the deceased, be pertinent, if the issue is, was there provocation because of a fight. The court found it important because it showed an intent, a premeditated intent to kill. And that is first-degree murder. So I talked about the second distinction, which is that there was a struggle over the deadly weapon. We don't have that. We have that here. There was no struggle over a deadly weapon in that case, in McDonald. There's a third difference that shows that there's even less evidence in that case. In that case, the defendant was not injured by the decedent's actions. In our case, the decedent caused the defendant to shoot himself in the arm. So we have three differences that show how this case has more evidence than McDonald. And remember, McDonald held, had a dissent, so it was a close case even with that little amount of evidence of provocation. We have more evidence of provocation in this case. What about this counsel? So Mr. Lonergan reminds us the court made its ruling based upon the totality of the circumstances presented and that there did not rise to the serious nature of provocation looking at the totality of things. There had been a prior fight, go back, get the gun, come back. There's also this testimony that the deceased and the lady who was there testified they were going to get the gun. To disarm this individual. So if we're looking at this from an abuse of discretion, how do we take that discretion away from the court? Who said they were going to get a gun? There's testimony in the record that there was an attempt to disarm the defendant. Okay. It's from the defendant's perspective. So he's got someone trying to take a gun away who has just beat him up and now that person is trying to take a gun away. He has the actions that have caused him to shoot himself in the arm. So whether someone wants to characterize that as disarm from the defendant's perspective. The court. Okay. Well, based on someone's testimony, whether the court wanted to characterize that as the witness saying disarm, it matters what's the defendant's perspective. I'm asking you to take, as the court did, to take the totality of the circumstances, as Mr. Lonergan argued, and consider the court's ruling because you're asking us to find abuse of discretion.  Let me add to that question. When Justice Kavanaugh talks about the totality of the circumstances, the court obviously looked at the fact that the defendant gave multiple versions of how this transpired. Is he not allowed to do that in deciding whether there is some evidence of provocation? Which version of the defendant's recitation of facts is he required to accept? The standard is not, you've got, the standard is just some evidence. So if he gives three completely conflicting versions, as long as any one of those contains any reference to provocation, the court is required to give evidence. No. First of all, we have to look at, the defendant's testimony is remarkably consistent. He gave statements to the police without an attorney present, and he told them, I showed up, the, one point of fact I want to make, he is not at, he says he is not at the defendant's door. He is near, outside the apartment, just inside the apartment complex. He says the, as we said, the decedent charged him, caused him to shoot himself, and then he fired the weapon. The bullet's... The version that Carlton approached him and he shot his ass. That supports provocation, because that shows anger. He approached him, and I shot his ass, is provocation. He's also said, there are several ways he describes what happened. My point exactly. Okay, but my point is, he's giving what happened in piecemeal things. This is not a testimony before a court. He's off the head, telling a police officer what happened, all right? And what he said, and this is his consistent story, is that, as I said, he shows up, he is charged, shoots himself in the arm, and the physical evidence supports this, plus the decedent's wife generally supports this. She says there was a struggle with the gun. So you don't have to just rely on the defendant's story. Okay, your time's up. Thank you for your presentation. We'll take this matter under advisement and be in recess for a few minutes.